

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| MICHAEL A. RICHARDSON,  §  <br>Petitioner,  § <br> § <br> vs.  §   CIVIL ACTION NO. 6:21-00544-MGL <br> § <br> WARDEN, *Broad River Correctional Institution*, § <br> Respondent.  § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,**
**DISMISSING PETITIONER'S PETITION WITHOUT PREJUDICE**
**AND WITHOUT REQUIRING RESPONDENT TO FILE A RETURN,**
**AND DENYING PETITIONER'S MOTIONS TO STAY**

Petitioner Michael A. Richardson (Richardson) filed this 28 U.S.C. § 2254 petition against Respondent Warden of the Broad River Correctional Institution (the Warden). Richardson is self represented.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court (1) Richardson's Section 2254 petition be dismissed without prejudice and without requiring the Warden to file a return, and (2) his motion to stay be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 23, 2021, but Richardson failed to file any objections to the Report.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72  advisory committee's note).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

In lieu of filing objections to the Report, Richardson instead filed a second motion to stay.  But, as the Magistrate Judge explained in suggesting the Court deny Richardson's first motion to stay, because his currently pending state PCR petition "tolls the [applicable statute of limitations], the [C]ourt finds no grounds for entering a stay in this matter."  Report at 5.  The Court agrees with the Magistrate Judge's reasoning on this issue.  Therefore, it will deny both motions to stay.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of the Court (1) Richardson's Section 2254 petition is **DISMISSED WITHOUT PREJUDICE** and without requiring the Warden to file a return, and (2) his two motions to stay are **DENIED**.

To the extent Richardson moves for a certificate of appealability, his request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 10th day of May, 2021, in Columbia, South Carolina.

                                                          s/ Mary Geiger Lewis
                                                          MARY GEIGER LEWIS
                                                          UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.